UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

DEC 2 9 2004
$ 150 pd.
LAWRENCE K. BAERMAN, CLERK
ALBANY

_____

TRUSTCO BANK CORP., N.Y.,                    **NOTICE OF REMOVAL**

                              Plaintiffs,     Index No. 2004-1950

        - against -                          04-CV-1498
                                              LEK / RFT
FIDELITY INFORMATION SERVICES, INC.
and FIDELITY NATIONAL FINANCIAL, INC.

                              Defendants.

_____

        Defendants, Fidelity Information Services, Inc. and Fidelity

National Financial Inc. (hereinafter referred to as "Fidelity")

for the purpose only of removing this action to the United States

District Court for the Northern District of New York, states as

follows:

        1.      State Court Action.

        This is an action filed on November 30, 2004 in the Supreme

Court of the County of Schenectady, State of New York numbered

2004-1950.  Upon information and belief, the Summons and

Complaint were served on Defendants by personal service on or

about December 2, 2004.

        2.      Proceedings, Process, Pleadings or Papers.

        The only process, pleadings or papers served in this action

HACKER &
MURPHY, LLP
ATTORNEYS AT LAW

are the Summons and Complaint, copies of which are attached hereto as Exhibit "A".

3.   <u>Action</u>.

In the Complaint, Plaintiff seeks to recover damages in the amount of Six Million Five Hundred Thousand and 00/100 ($6,500,000.00) Dollars alleging breach of contract, negligence, and negligent misrepresentation under a Contract to convert Plaintiff's computer core banking and item processing from a previous provider to the Fidelity Horizon Banking System.

4.   <u>Diversity Jurisdiction</u>.

The Court has original diversity jurisdiction pursuant to the provisions of 28 U.S.C. §1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000.00, and is between citizens of different states.

5.   <u>Removal Jurisdiction; Timeliness</u>.

By reason of the foregoing, this action is within the Court's removal jurisdiction, 28 U.S.C. §1441(b), because none of the parties served as a Defendant is a citizen of the State in which the action is brought.  Removal is timely because this Notice of Removal is filed within thirty (30) days after receipt by Defendants of the Summons and Complaint.

HACKER &
MURPHY, LLP
TORNEYS AT LAW

6.   <u>Notice of Removal</u>.

Written notice of the filing of this notice will be given to the adverse party, and a true and accurate copy of this Notice will be filed with the Clerk of the New York State Supreme Court, County of Schenectady.

### RELIEF REQUESTED

It is respectfully requested that the United States District Court for the Northern District of New York accept this Notice of Removal and that it assume jurisdiction of this action and issue such other further Orders and processes as may be necessary to bring before it all parties necessary for the trial.

Dated:   December 29, 2004          HACKER & MURPHY, LLP

                                         By:
                                            THOMAS D. BUCHANAN
                                            Bar Roll No. 509804
                                            Attorneys for Defendants
                                            7 Airport Park Boulevard
                                            P.O. Box 104
                                            Latham, NY 12110-0104
                                            Phone: (518) 783-3843

TO:   Stephen J. Rehfuss, Esq.
      Brennan, Rehfuss & Liguori, P.C.
      Attorneys for Plaintiff
      19 Dove Street, Suite 202
      Albany, NY  12210
      Phone:  (518) 434-2690

HACKER &
MURPHY, LLP
ATTORNEYS AT LAW

# EXHIBIT
# A

# SUMMONS

**STATE OF NEW YORK**
**SUPREME COURT**

**Index No.:**
**COUNTY OF SCHENECTADY**

---

**TRUSTCO BANK CORP., N.Y.,**

**Plaintiff,**

    -against-

**FIDELITY INFORMATION SERVICES, INC., and**
**FIDELITY NATIONAL FINANCIAL, INC.**
         **Defendants.**

FILED
11/30/2004 11:08:00 AM
County Clerk
JOHN J. WOODWARD
SCHENECTADY COUNTY, NY
Inst Num:          200452918
2004750

---

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to serve upon the plaintiff's attorney an answer to the complaint within twenty (20) days after service of this summons, exclusive of the day of service or within thirty days (30) after the service is complete if this summons is not personally delivered to you within the State of New York.

IN CASE OF YOUR FAILURE TO APPEAR, judgment may be taken against you by default for the relief demanded in the complaint.

Trial is desired in the County of Schenectady. The basis of venue designated above is that plaintiff is a domestic corporation with a principle place of business in the City of Schenectady and County of Schenectady, State of New York.

DATED:     November 24, 2004

*Received 12/2/04*
*Time    12:05*

STEPHEN X. REHFUSS, ESQ.
BRENNAN, REHFUSS, & LIGUORI, P.C.
Attorneys for Plaintiff
TrustCo Bank Corp., N.Y.
Office & P.O. Address:
19 Dove Street, Suite 202
Albany, New York 12210
Phone: (518) 434-2690

STATE OF NEW YORK
SUPREME COURT                    COUNTY OF SCHENECTADY

---

TRUSTCO BANK CORP., N.Y.,

                    Plaintiff,                          <ins>COMPLAINT</ins>

    -against-

FIDELITY INFORMATION SERVICES, INC., and
FIDELITY NATIONAL FINANCIAL, INC.

                    Defendants.

FILED
11/30/2004 11:08:00 AM
County Clerk
JOHN J. WOODWARD
SCHENECTADY COUNTY, NY
Inst Num:        200452918
2004/1950

---

The plaintiff, TrustCo Bank Corp., N.Y., by and through its attorneys, Brennan, Rehfuss,
& Liguori, P.C. respectfully alleges:

### PARTIES

1. That at all times relevant, the plaintiff, TrustCo Bank Corp., N.Y. (hereinafter
   "TrustCo"), was, and still is, a domestic corporation duly organized under and by virtue
   of the laws of New York.

2. That at all times relevant, the defendant, Fidelity Information Services, Inc., was, and still
   is a corporation duly organized under and by virtue of the laws of Arkansas, authorized to
   conduct business in the state of New York.

3. That at all times relevant, upon information and belief, the defendant, Fidelity National
   Financial, Inc. was, and still is a corporation duly organized under and by virtue of the
   laws of Arkansas, authorized to conduct business in the state of New York.

### BACKGROUND

4. On or about March 3, 2004, the plaintiff, TrustCo, contracted with the defendant, Fidelity
   Information Services, Inc. (hereinafter "Fidelity"), to convert plaintiff's computer core
   banking and item processing from its previous provider to the Fidelity HORIZON

5. That the defendant, Fidelity National Financial, Inc. (hereinafter "FNF") guaranteed the obligation of Fidelity under said Agreement.

6. The purpose of the HORIZON Banking System is to conduct and facilitate all banking activities and transactions for and by TrustCo and its customers.

7. Pursuant to the contract, Fidelity was to provide the labor, materials, software, and information technology necessary to facilitate this conversion.

8. Pursuant to §25.6 of the contract, the laws of the State of New York govern the Agreement and any action brought as a result of the agreement shall be brought in the appropriate jurisdiction in Schenectady, New York.

9. Pursuant to the contract, this conversion was to be accomplished by September 7, 2004. The defendants agreed to this conversion date and recognized its importance because of the temporary waiver of termination penalties under the previous contract with TrustCo's previous provider.

10. Defendant, Fidelity, orally assured the plaintiff that it would increase its manpower and available resources to reflect the size and scope of the conversion.

11. Defendant, Fidelity failed to provide the appropriate manpower and other resources necessary to successfully complete the conversion process. Fidelity was fully aware that the level of assistance from TrustCo during the conversion process would be modest and that Fidelity would be required to devote additional resources to the conversion. In addition, TrustCo was compelled to retain the services of a consultant to address the shortcomings in the Fidelity conversion process.

12. The IP conversion, which was originally set for July 7, 2004 (and was separate from the Core conversion), did not occur until the end of July 2004. Despite this delay, TrustCo continued to experience significant problems with IP processing for several months and

13. Defendant failed to complete the conversion to the HORIZON Banking System by the September 7, 2004 contract deadline.

14. Fidelity was aware of the fact that time was of the essence in completing the conversion and because of the failures relative to the IP conversion and the lack of resources devoted to Core, Fidelity has compromised TrustCo's ability to convert in a timely or reasonably prudent manner.

15. Fidelity failed to use reasonable efforts to assist TrustCo during the conversion to the Fidelity HORIZON Banking System used in connection with the services contemplated by the Agreement.

16. Fidelity's failure to use reasonable efforts to assist TrustCo during the conversion is a direct and proximate cause of Fidelity's inability to conduct the Core conversion, representing the vast majority of the total conversion, on or before the deadline of September 7, 2004.

17. Plaintiff has continuously and regularly informed the defendant of the aforementioned problems since the beginning of the conversion process, but said issues were not resolved.

## AS AND FOR A FIRST CAUSE OF ACTION

18. The plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 as if fully set forth herein.

19. As a direct result of Fidelity's breach and failure to meet the terms of the Agreement, TrustCo has been irreparably damaged by the delay in the IP and Core conversion and has sustained significant monetary damages including but not limited to, costs associated with running the mock conversion when Fidelity was not ready for the same, additional

the necessary resources, loss of business opportunity, loss of investment income, lost items from the IP conversion operational write offs and attorneys fees in the amount of **SIX MILLION FIVE HUNDRED THOUSAND DOLLARS ($6,500,000.00).**

## AS AND FOR A SECOND CAUSE OF ACTION

20. The plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18, as if fully set forth herein.

21. As a direct result of defendants' negligence, TrustCo has been irreparably damaged by the delay in the IP and Core conversion and has sustained significant monetary damages including but not limited to, costs associated with running the mock conversion when Fidelity was not ready for the same, additional human and material resources utilized to correct and address Fidelity's failure to devote the necessary resources, loss of business opportunity, loss of investment income, lost items from the IP conversion, operational write offs and attorneys fees in the amount of **SIX MILLION FIVE HUNDRED THOUSAND DOLLARS ($6,500,000.00).**

## AS AND FOR A THIRD CAUSE OF ACTION

22. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

23. The defendant negligently misrepresented its ability to handle a project of the size and scope of the conversion of TrustCo's computer system to the HORIZON Banking System during the contract negotiations.

24. That TrustCo relied upon these representations by the defendant in agreeing to contract.

25. The defendant was unable to and failed to devote enough resources to successfully complete and maintain the conversion to the HORIZON Banking System by the September 7, 2004 contractual deadline.

26. As a direct result of this negligent misrepresentation, the plaintiff was damaged in the amount of **SIX MILLION FIVE HUNDRED THOUSAND DOLLARS ($6,500,000.00)**.

**WHEREFORE,** Plaintiff respectfully requests an order and judgment for damages in the amount of SIX MILLION FIVE HUNDRED THOUSAND DOLLARS ($6,500,000.00) on each of the causes of action stated above together, attorney's fees, costs, and disbursements together with such other and further relief as this Court may deem just and equitable.

Dated:  November 24, 2004

_____
STEPHEN J. REHFUSS, ESQ.
BRENNAN, REHFUSS & LIGUORI, P.C.
19 Dove Street, Suite 202
Harmanus Bleecker Building
Albany, New York 12210
(518) 434-2690

Laurie\31013.2\COMPLAINT2